22 So.2d 927

### ENGLAND v. STATE.

### 8 Div. 448.

Court of Appeals of Alabama.

June 19, 1945.

Rehearing Denied Aug. 7, 1945.

F. S. Parnell, of Florence, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, tried under an indictment charging him with the offense of assault with intent to murder, was convicted of the offense of assault and battery and assessed a fine of Five Hundred Dollars. Code 1940, Title 14, Section 33.

We see no occasion for any extended remarks.

The Assistant Attorney General here representing the State, in a brave effort to make, we assume, a "condensed recital"

of the testimony, found it necessary to consume the space of more than eight pages of foolscap paper. And we are not sure that we could do better.

In its legal elements the case was one of the simplest. In its factual elements it was one of the most confusing and conflicting we have ever noticed. A consideration of it causes us to appreciate more strongly, if possible, than ever, the value to our jurisprudence of a trial by jury. No one man would covet the task of unravelling such a mass of contradictory testimony as was given on the trial of this case, and arriving at a finding of fact!

Douglass Taylor and Claudie H. Pipes, both of Huntsville, for appellant.

 All that we need say here, is, that there was testimony amply supporting the finding of the jury; that no exception reserved on the taking of testimony was to a ruling that was other than correct or innocuous; and that the written, requested, and refused charges—each of them—were either incorrect, invasive of the province of the jury, argumentative, or had their substance in principle covered by and included in the trial court's oral charge, or some one of the ten or more written charges given to the jury at appellant's request—all as pointed out (with ample citation of authority) in excellent and minute detail in the brief filed here on behalf of the State.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

There appears nowhere a prejudicially erroneous action or ruling by the trial court, and the judgment of conviction is affirmed.

Affirmed.